## No. 2132.
### Second Circuit Appeal.

### MISS CARRIE KELLER v. JOS. REID GAS ENGINE COMPANY.

(October 31, 1924, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana· Digest—Appeal—Par. 625.

The judgment of the trial judge as to the amount of damages sustained in an automobile accident is affirmed.
(Civil Code, Art. 2315. Editor's note.)

Appeal from the First District Court, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a damage suit, the result of an automobile accident.

Judgment for plaintiff and defendant appealed.

Judgment affirmed.

Wallace, Lyons & Peters, of Shreveport, attorneys for plaintiff and appellee.

Bullock & Warren, of Shreveport, attorneys for defendant and appellant.

PORTER, J. This is one of the series of three suits which grew out of a collision between two automobiles on the Shreveport-Mooringsport Road, on June 22, 1924. The law and the facts applicable to all of the cases were fully considered in the opinion in the case of Miss Adelaide Keller, No. 2130, this day handed down, and what was said in our opinion in that case, in so far as it is applicable, is adopted in this case, and in case either party to this suit applies to the Supreme Court for a writ of review, the Clerk of this Court is directed to annex to said application a certified copy of our opinion in said case ·No. 2130.

The only matter which it is necessary to consider in this case is the amount of damages which ·the plaintiff claims.

The plaintiff is the owner of the Franklin car referred to in No. 2130, and in addition to a claim for physical injuries, she sues for damages to her car, depreciation in its value, and loss of its use, as follows:

$500.00, for personal injuries.

873.00, estimated cost of repairs to car.

500.00, depreciation to car.

  23.50, going after and bringing car to garage.

  14.00, storage and delivery of car to residence.

500.00, for loss of use of car.

She recovered judgment for $1,696.50, made up of the following items:

$500.00, for personal injuries.

873.00, estimated cost of repairs to car.

300.00, depreciation to car.

  23.50, going after and bringing car to garage.

The lower court rejected as in case of non-suit the following items: $14.00, storage bill, and $500.00 for the loss of the use of the car.

She has answered the appeal taken by defendant, and prays for an increase of the judgment up to the amount originally ·claimed.

In her petition, she claimed the difference between the present value of what she alleges is the demolished car, and its value before the accident, but, in the alternative, she claimed the amount which would be necessary to fully repair· the car—$873.00. The claim for the difference in the value of the car at the time of the accident, and its value afterwards, appears to have been abandoned. In addition, · her petition

claims one or two small items which were disallowed, but the above itemized statements are taken from the brief of her counsel, and they represent the difference between the sum awarded and that which she now claims in her answer to the appeal.

OPINION.

As to the item for personal injury, which, according to the petition, includes mental anguish, as well as physical injury and pain the plaintiff endured, an ordeal which was calculated to produce considerably greater mental anguish than did her sister, Miss Adelaide Keller, the plaintiff in suit No. 2130. She, too, was greatly frightened about the condition of her mother, and her anxiety on this account was not relieved until some time after she reached the Sanitarium and until the physician, after attending to Miss Carnathan, could make an examination, and thus determine the extent of her mother's injuries. In addition to this, all of the parties present appeared to feel that Miss Carnathan would bleed to death before assistance could be had, and plaintiff was compelled to ride on the seat between her mother and the injured young lady, both leaning upon her, and she testifies that the young lady "covered" her with blood. Besides, she was, perhaps, more painfully injured than was her sister. We, therefore, approve this item.

The cost of the repair of the car is fully sustained by the testimony. There is in the record an itemized bill showing the amount necessary for this purpose, made by the company which handles Franklin cars in Shreveport. Indeed, defendant's counsel do not seem to question the amount of this item, if their client is liable for it. The testimony of competent witnesses shows, what may be said to be a matter of common knowledge, that no matter how completely a badly wrecked car is repaired, its subsequent value is greatly depreciated. Plaintiff claimed $500.00 on this score, and was allowed $300.00. This estimate is fully warranted by the testimony, which, of course, is largely a matter of guesswork, but which is the best evidence available. The plaintiff is clearly entitled to the item of $23.00 for bringing the car from the scene of the accident—a distance of ten miles or more—to the garage of the Roby Motors Co., which charged, and was paid, that sum.

We approve the ruling of the District Judge in rejecting the item of $500.00 for the loss of the use of the car. Conceding that a claim for the deprivation of the use of a pleasure car, such as this one was, could be recovered, the most that could be allowed would be so much per day for the time reasonably necessary to make repairs, and as there is no testimony whatever on this point, we are powerless to fix an arbitrary amount.

On the whole, we think the judgment is correct, and it is accordingly affirmed.